UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL W. MCKENNEY                    CIVIL ACTION

VERSUS                                NO. 06-2882

ALLSTATE INSURANCE COMPANY            SECTION "C" (2)

<u>ORDER AND REASONS</u>

This matter comes before the Court on motions for partial summary judgment on

claims under La. Rev. Stat. § 22:652 and La. Rev. Stat. § 22:658 filed by Allstate

Indemnity Company ("Allstate").  Having considered the record, the memoranda of

counsel and the law, the Court has determined that the motions should be granted for

the following reasons.

**La. Rev. Stat. 22:652 exclusivity**

In its first motion, Allstate argues that Section 22:652 does not provide a private

right of action.[1]  It argues that La. Rev. Stat. § 1214 (7)(c) provides that only the

---

[1]    Section 652 provides in relevant part that:
No insurer shall make or permit any unfair discrimination in favor of particular

1

Louisiana Insurance Commission has the right to pursue violations of Section 652 as an "unfair trade practice."   The defendant looks to La. Rev. Stat. § 1220B as providing an exclusive list of what conduct constitutes a breach of an insurer's duties to an insured.[2]

The plaintiff concedes that Section 652 does not afford a private right of action, but that this "is *not* a concession that McKenney does not have a right and cause of action against Allstate [for breach of the insurance contract] as a result of its unfair discrimination against them in violation of Section 652"  because Section 652 "is incorporated into and forms a part of McKenney's Allstate insurance policy as if

---

individuals or persons, or between insureds or subjects of insurance having substantially like insuring risk, and exposure factors, or expense elements, in the terms or conditions of any insurance contract, or in the rate or amount of premium charged therefor, or in the benefits payable or in any other rights or privileges accruing thereunder.

[2]     Those breaches under Section 1220B are:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
 (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3)  Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4)  Misleading a claimant as to the applicable prescriptive period.
(5)  Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

expressly written therein," and because the insured has a right and cause of action for unfair discrimination against the insurer as a breach of the implied covenant of good faith and fair dealing between the parties under <u>Reed v. State Farm Mutual Automobile Insurance Co.</u>, 857 So.2d 1012 (La. 2003) and <u>Theriot v. Midland Risk Insurance Co.</u>, 694 So.2d 184 (La. 1997). (Rec. Doc. 38, pp. 2-3). (emphasis original). To the extent that the plaintiff is arguing that he can sue for discrimination under Section 652 or otherwise, this Court has previously interpreted <u>Theriot</u> as rejecting that notion and has recognized that an insured can sue for violations of an insurer's duty of good faith and fair dealing only as set forth in Section 1220B. <u>McDermott International, Inc. v. Industrial Risk Insurers</u>, 2003 WL 22928802 (E.D.La).[3]

**Section 658 retroactivity**

In its second motion, Allstate argues that the August 2006 amendments to Section 658B are not available to the plaintiff as a matter of law because he filed suit prior to their enactment. Those amendments provide a successful insured an enhanced 50% penalty and attorney's fees for an insurer's failure to pay a claim within thirty days of receipt when arbitrary, capricious and without probable cause. Allstate argues that

---

[3]    The Court does not construe the motion as addressing the issue whether evidence relative to the adjustment of other claims by Allstate is admissible, and does not address the issue.

3

the amendment was substantive and, therefore, not retroactive in application.  The

plaintiff presents two arguments in opposition.

The plaintiff first appears to argue in favor of retroactivity, relying on Manuel v.

La. Sheriff's Risk Management Fund, 664 So.2d 86 (La. 1995), for the proposition that

"the continuous violations and unreasonable denial of this claim by Allstate beyond the

enactment date of August 15, 2006, will result in the amended penalties calculation

under [Section] 658."  (Rec. Doc. 39, p. 2).   The Court's reading of Manuel is not as

broad, however.  There, the Louisiana Supreme Court stated, "The cause of action that

gave rise to this litigation was the failure to pay within 30 days."  Id., 664 So.2d at 87.

Although the plaintiffs in Manuel reaped the benefit of the newly enacted "substantive"

La. Rev. Stat. § 22:1220 because their claim accrued after the enactment of the statute,

the rule applied by the court regarding accrual undercuts the argument of the plaintiff

here: "It is of no consequence that the insurance policy and the accident pre-date the

statute, since the conduct which exposes the defendants to liability occurred *after* the

statute became law."  Id.   See also Francis v. Travelers Insurance Co., 581 So.2d 1036

(La. App. 1st Cir. 1991).  Here, that conduct occurred prior to the amendments.

The plaintiff alternatively argues that the applicable penalty is determined by the

time the right to it comes into existence, relying on Francis, supra, and that the plaintiff

should not be required to submit a satisfactory proof of loss when there is a total loss that exceeds the policy limits and the insurer has actual knowledge of the loss as here, when it inspected the property in October 2005.  The plaintiff argues that he and his wife, who is an insured under the policy but not a party to this suit, are each entitled to a 25% penalty under Section 658 prior to amendment, as well as damages under Section 1220.  As noted by Allstate, there is only one plaintiff in this matter and, in any event, Section 658, which is penal in nature, bases its penalty on the *amount* due the insured, not the number of insureds, by providing for a penalty "of twenty-five percent damages on the amount found to be due from the insurer to the insured ..."[4]

Accordingly,

IT IS ORDERED  that motions for partial summary judgment on claims under La. Rev. Stat. § 22:652 and La. Rev. Stat. § 22:658 filed by Allstate Indemnity Company are GRANTED.  (Rec. Docs. 24 & 28).

New Orleans, Louisiana, this ____16th____ day of April, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

_____

[4]      The Court does not address the plaintiff's argument regarding damages recoverable under Section 1220, since those damages are not raised in the defendant's motion.

5